1
2
3
4
5
6
7
8
9
10                       UNITED STATES DISTRICT COURT
11                        EASTERN DISTRICT OF CALIFORNIA
12
ALEJANDRO GALLEGOS-SOTO,              )    1:10-cv-01037 AWI MJS HC
13                                     )
                  Petitioner,          )    FINDINGS AND RECOMMENDATION
14                                     )    REGARDING RESPONDENT'S MOTION
       v.                              )    TO DISMISS
15                                     )
                                       )    (Doc. 10)
16   NEIL H. ADLER, Warden,            )
                                       )
17                  Respondent.        )
                                       )
18   ─────────────────────────────────

19   I.    **INTRODUCTION**

20          Plaintiff is a federal prisoner proceeding with a Petition for Writ of Habeas Corpus

21   pursuant to 28 U.S.C. § 2241. Petitioner is confined at Taft Correctional Institution in Taft

22   California.  He has paid the requisite $5.00 filing fee. The matter has been referred to the

23   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending

24   before the Court is Respondent's Motion to Dismiss filed on November 12, 2010. (Mot. To

25   Dismiss, ECF No. 10.)

26          The instant Petition for Writ of Habeas Corpus was filed on June 9, 2010. (Pet., ECF

27   No. 1.) The petition alleges that Petitioner has been improperly denied forty eight (48) days

28   of good time credits that he earned based on participation in educational programming. (Id.

at 3.) Specifically, Petitioner claims that the Bureau of Prisons ("BOP") has improperly calculated his good conduct time credit during the period between February 24, 2003 and January 16, 2008. (Id.) In response, Respondent filed the instant Motion to Dismiss, contending that Petitioner had failed to state a claim upon which habeas relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss.) On December 13, 2010, Petitioner filed a Traverse to the Motion to Dismiss. (Traverse, ECF No. 12.)

## II.   JURISDICTION

### A.   Subject Matter Jurisdiction

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner alleges that his good time credits have been improperly calculated resulting in a loss of such credits. (Pet. at 3.) If a constitutional violation has resulted in the loss of time credits, it affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

Accordingly, the Court concludes that it has subject matter jurisdiction over the petition.

### B.   Jurisdiction over the Person

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the

petition must be filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193, 68 S. Ct. 1443, 92 L. Ed. 1898 (1948), overruled on other grounds in Braden, 410 U.S. at 493, citing Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990). A failure to name and serve the custodian deprives the Court of personal jurisdiction. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, at all pertinent times, Petitioner was incarcerated at the Taft Correctional Institution (TCI) located within the Eastern District of California. Petitioner named Neil H. Adler, the Warden of TCI, as Respondent.

Accordingly, the Court concludes that it has personal jurisdiction over the custodian.

## III.   PROCEDURAL GROUNDS FOR MOTION TO DISMISS

Respondent has filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6). (Mot. to Dismiss, ECF No. 10.) Along with the motion, Respondent has submitted various documents and a signed declaration in support of the motion. (Decl. of Lorena Matei, ECF No. 11.) Reading Respondent's arguments and submitted exhibits, it is clear that Respondent is, in essence, arguing the merits of Petitioner's claims, not a procedural deficiency such as lack of exhaustion or federal jurisdiction.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.[1] The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

---

[1]The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases; Fed. R. Civ. P 81(a)(4).

1   Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

2   remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

3   grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

4   1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss

5   after the Court orders a response, and the Court should use Rule 4 standards to review the

6   motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

7          As discussed above, the Rules Governing Section 2254 Cases do not expressly provide

8   for motion practice; rather, such motion practice must be inferred from the structure of the

9   rules themselves. Hillery, 533 F.Supp. at 1195. For example, Rule 12 provides as follows:

10          The Federal Rules of Civil Procedure, to the extent that they are not inconsistent
            with any statutory provisions or these rules, may be applied to a proceeding
11          under these rules.

12  Rule 12 of the Rules Governing Section 2254 Cases. Because of the peculiar and unique

13  nature of habeas proceedings, as a general rule, neither motions to dismiss under Federal

14  Rule of Civil Procedure 12(b)(6)   nor summary judgment motions under Rule 56 are

15  particularly appropriate. Given the nature of a habeas corpus petition, Anderson v. Butler, 886

16  F.2d 111, 113 (5th Cir. 1989) (modern habeas corpus procedure has the same function as an

17  ordinary appeal); O'Neal v. McAninch, 513 U.S. 432, 442 (1995) (federal court's function in

18  habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)),

19  motions for summary judgment are unnecessary because petitions may be decided

20  immediately by the Court following submission of the pleadings provided no material issues

21  of fact exist.

22         Similarly, a Rule 12(b)(6) motion attacking the sufficiency of the pleading in the petition

23  does not comfortably fit within the habeas landscape either. As mentioned, the district court

24  is already tasked with the responsibility to initially screen the petition for sufficiency pursuant

25  to Rule 4 of the Rules Governing Section 2254 cases. Here, the Court's order requiring

26  Respondent to file a response was issued only after the Court had undertaken its Rule 4

27  obligation. Thus, at that point, the Court had, by implication, already found the petition's

28  pleadings sufficient to proceed. Premising a motion to dismiss on Rule 12(b)(6), as

1   Respondent has done, is therefore redundant in that it essentially requests that the Court to

2   conduct a pleading examination already completed.

3       Thus, although procedurally inappropriate, the Court is of the opinion that denying

4   Respondent's motion to dismiss solely on narrow procedural grounds and then requiring an

5   answer that would, in all likelihood, raise the same issue again based on the same evidence,

6   would be an inefficient use of the parties' time and the Court's resources. Instead, the Court

7   will exercise ist inherent power under the Rules Governing Section 2254 Cases to construe

8   Respondent's motion as an answer on the merits. So construing the filing, the Court would

9   then be in a position to rule on the merits of the petition without the need for further

10  development of the record or additional briefing.

11      Such an approach is entirely consistent with the Rules Governing Section 2254 Cases.

12  Historically, habeas practice provided only two dispositions for petitions: summary dismissal

13  or a full hearing. Hillery, 533 F.Supp. at 1196. However, the drafters of the present Rules

14  Governing Section 2254 cases believed that, in some instances, an intermediate process,

15  through the device of an expanded record under Rule 7 might be advantageous. Id. "The

16  purpose [of Rule 7] is to enable the judge to dispose of some habeas petitions not dismissed

17  on the pleadings, without the time and expense required for an evidentiary

18  hearing…Authorizing expansion of the record will, hopefully, eliminate some unnecessary

19  hearings." Advisory Committee Note to Rule 7.

20      In conclusion, the Court shall consider the present motion as an answer, and determine

21  the rights of the parties accordingly.

22  **IV.   ANALYSIS OF CLAIM**

23      **A.   Factual Background**

24      Petitioner is a federal prisoner incarnated at Taft Correctional Institution.[2] While

25  incarcerated, Petitioner participated in a functional literacy program to assist Petitioner in

26  obtaining a General Educational Development ("GED") certificate. By February 24, 2003, he

27  had accrued 262 instructional hours in the program. (Matei Decl., ex. A.)   However,

28

[2]Neither Petitioner nor Respondent provided information regarding Petitioner's underlying conviction.

U.S. District Court
E. D. California
-5-

1    Respondent asserts, and Petitioner does not refute, that he voluntarily withdrew from the
2    program. (Mot. to Dismiss at 2.) From June 6, 2003, until January 16, 2008, his educational
3    information records list his GED progress as "unsatisfactory". (Matei Decl., ex. A.) On January
4    16, 2008, Petitioner's progress status returned to "satisfactory" and he completed his GED as
5    of January 14, 2009. (Id.) However, as a consequence of the "unsatisfactory" designation,
6    Petitioner was unable to earn the maximum good conduct time available through BOP
7    programs of 54 days under 18 U.S.C. § 3624(b). Instead, he received 42 days good conduct
8    time because he did not qualify to be considered an inmate who "has earned, or is making
9    satisfactory progress toward earning, a high school diploma or an equivalent degree." 18
10   U.S.C. § 3624(b)(1). Petitioner asserts that he is entitled to receive twelve additional days of
11   good credit time for each of the four years that his progress was listed as unsatisfactory, i.e.,
12   he claims entitlement to an additional 48 days of good conduct time.

13       Petitioner filed an administrative grievance with the BOP on May 26, 2009. (Pet., ex.
14   A.)  The request was rejected and the counselor stated that Petitioner was not entitled to
15   retroactive application of good time credits for the time prior to earning a GED.  Petitioner's
16   subsequent appeals to the BOP's Regional Office and National Office were rejected on the
17   same ground. Petitioner then filed the present habeas petition, seeking the restoration of the
18   48 days of good conduct time he lost as a result of this determination.

19       **B.    Discussion**

20       Title 18, Section 3624(f), of the United States Code, directs the BOP to create a
21   "functional literacy" program "for all mentally capable inmates who are not functionally literate."
22   Each eligible inmate is required to participate in the program for a mandatory period of time
23   to be determined by the BOP, and the BOP is required to offer "appropriate incentives which
24   lead to successful completion of the programs." 18 U.S.C. § 3624(f). Pursuant to these
25   statutory mandates, the BOP requires any inmate without a high school diploma or GED to
26   attend instructional courses until such time as he completes 240 hours of attendance or
27   obtains a GED, whichever occurs first. 28 C.F.R. § 544.70. Once the inmate has reached 240
28   hours, the BOP offers additional incentives to encourage completion of the course under 28

1   C.F.R. § 523.20(c)(1), which awards 54 days of good conduct time credit if the inmate "has
2   earned or is making satisfactory progress toward earning a GED credential." See also 18
3   U.S.C. § 3624(b)(1) (providing that "[i]n awarding credit under this section, the Bureau shall
4   consider whether the prisoner, during the relevant period, has earned, or is making satisfactory
5   progress toward earning, a high school diploma or an equivalent degree."). If the inmate
6   chooses not to pursue a GED beyond the mandatory 240 hours, 28 C.F.R. § 523.20(c)(2)
7   provides that the BOP shall award only 42 days good conduct time credit.

8       Inmates who fit within one of the exceptions to mandatory participation set forth in 28
9   C.F.R. § 544.71 are excused from participation and can still receive the full 54 days of credit.
10  Exceptions exist for those who are temporarily unable to participate, such as for medical
11  reasons or because of a temporary transfer, or those who are permanently exempted from
12  participation due to a documented mental, emotional, or physical impairment which limits their
13  ability to benefit from the program. 28 C.F.R. § 544.71(a)(4), (b). To qualify for the latter
14  permanent exemption, a petitioner requires appropriate documentation. 28 C.F.R. § 544.71(b).

15      Respondent determined that Petitioner was not entitled to all 54 days of good time
16  credit for the period between February 24, 2003 and January 16, 2008 because he did not
17  participate in educational programs during that time. Petitioner's educational records do not
18  show he fit within any exception to participation; his records show no testing by educational
19  staff. (Matei Decl., ex. A.) The records did indicate that on February 24, 2003, Petitioner did
20  not want a GED, and that his progress was poor. (Id.) Petitioner dropped all his educational
21  courses on June 6, 2003. (Id.)

22      Petitioner contends that once he completed the minimum of 240 educational hours at
23  as required by 28 C.F.R. § 544.70, he was automatically excused from any further participation
24  in the program, and entitled to 54 days of good time credit a year from that point forward. He
25  directs the Court's attention to Snider v. Daniels, 445 F. Supp. 2d 1233 (D. Or. 2006) in
26  support of his request for relief. In that case, the court found that the BOP acted arbitrarily and
27  capriciously in denying the petitioner good time credits because he had already completed 240
28  hours of functional literacy instruction. Snider, 445 F. Supp. 2d at 1235. Snider is

distinguishable from the case at hand because the former appears to have involved a situation in which the BOP had refused to grant the petitioner any good time credits even though he had completed more than 240 hours of instructional time. See id. at 1235 (holding that the petitioner was "eligible for good time credits because he completed a single period of 240 hours of functional literacy instruction in compliance with BOP's Program Statement."). That has not happened here. To the contrary, the BOP has readily provided Petitioner with the 42 days of good time credit per year that he earned by completing 240 hours of instructional time. See Martin v. Hogsten, 2009 U.S. Dist. LEXIS 216, 12-13 (E.D. Ky. Jan. 5, 2009); Holman v. Cruz, 2008 U.S. Dist. LEXIS 115731, 13-14 (D. Minn. Oct. 23, 2008).

Petitioner's argument is contrary to the clear mandates and purpose of the functional literacy program and good time credits pursuant to 18 U.S.C. § 3624(b) and (f). As noted previously, Section 3624(f) directs the BOP to determine a mandatory period of time that each eligible inmate is required to attend the Literacy Program. Section 3624(f) directs the BOP to implement "appropriate incentives which lead to successful completion of such programs." 18 U.S.C. § 3624(f)(2). Accordingly, the BOP determined that eligible inmates must attend the program for 240 hours or be subject to disciplinary sanctions, and if the inmate does not achieve his GED within the 240 hours, the BOP offers good time credits to encourage further participation.

It is clear that an inmate cannot be subject to disciplinary sanctions if he refuses to participate beyond the mandatory 240 hours, but it is also clear the BOP can withhold good time credits if he refuses to continue to participate in the program. See 18 U.S.C. § 3624(b)(1) ("In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree."). Pursuant to this discretionary authority, the BOP has promulgated regulations which provide that an inmate who refuses to participate beyond the 240 hours, and who has not yet received his GED, will only be awarded 42 of the possible 54 good time credits. See 28 C.F.R. § 523.20.

Petitioner refused to participate in the Literacy Program after February 24, 2003, and

the BOP only awarded him 42 days credit under 28 C.F.R. § 523.20(c)(2). This determination is consistent with the statutory mandate of 18 U.S.C. § 3624(b) and the BOP's regulations promulgated at 28 C.F.R. § 523.20(c)(2). Accordingly, the Court finds that the BOP properly calculated Petitioner's good time credits. Because Petitioner has not shown that the BOP acted arbitrarily and capriciously as it properly calculated his good time credits pursuant to 18 U.S.C. § 3264(b) and 28 C.F.R. § 523.20, Petitioner has failed to establish grounds on which he is entitled to relief. Therefore, his petition should be denied.

**V.    RECOMMENDATION**

For the reasons discussed herein, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED and the petition be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within seven (7) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:  ___July 8, 2011___                    ___/s/ *Michael J. Seng*___
                                                          UNITED STATES MAGISTRATE JUDGE